IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL GUALEMI,

  Plaintiff,                                      CASE NO.:

-VS-

WELLS FARGO BANK, N.A. D/B/A WELLS
FARGO DEALER SERVICE

  Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, DANIEL GUALEMI, by and through the undersigned counsel, and sues Defendant, WELLS FARGO BANK, N.A. D/B/A WELLS FARGO DEALER SERVICE (hereinafter "WELLS FARGO"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like WELLS FARGO from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Lee County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, WELLS FARGO, is a corporation with its principal place of business located at 420 Montgomery Street, San Francisco, CA 94163 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6)

15. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (239) ***-2535, and was the called party and recipient of WELLS FARGO's calls.

16. WELLS FARGO called Plaintiff approximately one thousand (1,000) times in an attempt to collect an auto loan.

17. Upon information and belief, some or all of the calls WELLS FARGO made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received from WELLS FARGO.

18. WELLS FARGO placed an exorbitant number of automated calls to Plaintiff's cellular telephone (239) ***-2535 in an attempt to collect on an auto loan.

19. On several occasions over the last four (4) years, Plaintiff instructed WELLS FARGO's agent(s) to stop calling his cellular telephone.

20. On May 17, 2016, Plaintiff revoked his consent to be called by WELLS FARGO by requesting that the calls stop and that WELLS FARGO "Please stop calling me constantly". Each call WELLS FARGO made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of Plaintiff and in violation of the TCPA.

21. Despite Plaintiff informing WELLS FARGO to stop calling the autodialer calls to Plaintiff's cellular phone continued. Between September 10, 2016 and October 12, 2016, Plaintiff made a non-exclusive log of forty six (46) calls he received from

WELLS FARGO. Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from WELLS FARGO; however, attached hereto as Exhibit A is a small sampling.

22. The autodialer calls from WELLS FARGO came from telephone number(s) including but not limited to (800) 289-8004 and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to WELLS FARGO.

23. WELLS FARGO knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

24. WELLS FARGO intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

25. WELLS FARGO attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

26. WELLS FARGO has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

27. WELLS FARGO has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular

telephone in this case, with no way for the consumer, or WELLS FARGO, to remove the number.

28. WELLS FARGO's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to WELLS FARGO they wish for the calls to stop.

29. WELLS FARGO has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

30. WELLS FARGO has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

31. WELLS FARGO has had numerous complaints from consumers against them across the country asking to not be called; however, WELLS FARGO continues to call the consumers.

32. WELLS FARGO's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

33. WELLS FARGO has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

34. None of WELLS FARGO's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. WELLS FARGO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

36. From each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

37. From each and every call without express consent placed by WELLS FARGO to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from WELLS FARGO's call.

38. From each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted

calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

41. Each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

42. Each and every call placed without express consent by WELLS FARGO to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

43. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
**(Violation of the TCPA)**

44.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

45.     WELLS FARGO willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified WELLS FARGO that he wished for the calls to stop.

46.     WELLS FARGO repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Daniel Gualemi, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, WELLS FARGO BANK, N.A. D/B/A WELLS FARGO DEALER SERVICE, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

47.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

48.     At all times relevant to this action WELLS FARGO is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

49. WELLS FARGO has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

50. WELLS FARGO has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

51. WELLS FARGO's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff, Daniel Gualemi, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, WELLS FARGO BANK, N.A. D/B/A WELLS FARGO DEALER SERVICE, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff